UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAURA R. JIMENEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>ACTING COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>)<br>Defendant. ) | CASE NO. 3:17-cv-757-PPS |

## **OPINION AND ORDER**

Laura R. Jimenez appeals the Social Security Administration's denial of her application for Disability Insurance Benefits. An Administrative Law Judge found that Jimenez was not disability within the meaning of the Social Security Act. The Appeals Council denied Jimenez's appeal and she appealed the ALJ's decision to me. Because the ALJ in this case did not adequately consider and evaluate opinion evidence from Ms. Jimenez's treating physician and a nurse practitioner who offered evidence on her behalf, the ALJ's decision cannot be upheld as supported by substantial evidence. Accordingly, I will reverse and remand.

**Background**

In her application, Ms. Jimenez alleged disability on the basis of a variety of different conditions and ailments. In evaluating Jimenez's application, the ALJ engaged in the familiar five-step process to determine disability based on these allegations under the Social Security Act and its regulations.

At step one, the ALJ found that Jimenez did not engage in substantial gainful activity during the period of her alleged onset date of December 28, 2013 and her date last insured of March 31, 2015. [A.R. 12. [1]]

At step two, the ALJ determined whether Jimenez had any severe impairments which could render her disabled. The ALJ found the following severe impairments: obesity, status post complete right shoulder replacement, depression, anxiety, headaches and fingertip numbness. [A.R. 12.] She further alleged disability based upon a history of arthritis and mild carpal tunnel syndrome. The ALJ, however, determined that the existence of these two conditions were not supported by any objective medical evidence during the relevant period. [*Id.*] Lastly, Jimenez alleged disability due to a staph infection on her skin and a stroke. While the ALJ found these two conditions had support within the record, she determined they did not amount to severe impairments. Regarding the staph infection, the ALJ found it was diagnosed in August and September of 2014, but by March 2015 Jimenez did not have any dermatological problems. [A.R. 13.] Concerning the stroke, the ALJ stated:

> The record also indicates the claimant experienced a left frontal lobe hematoma/aneurysm in February of 2015. However, she underwent a successful coil embolization of the aneurysm, as well as physical therapy. At first, the claimant report recurrent "spells" and altered mental state following her stroke, as well as some right sided weakness. EEG's were also frequently abnormal. However, by August of 2015 it was noted the claimant had no more attacks at that point, only

---

[1] The Administrative Record (A.R.) in this case is found at Docket Entry # 9. Citations are to the page number in the lower left-hand corner of the A.R.

some mild weakness on her right side, and still seemed to be functioning pretty well. She was also able to move all extremities to command equally well. Similarly, in March of 2016, the claimant was noted to be neurologically stable with no recent spells or attacks.

[A.R. 14 (citations to underlying record omitted).] The ALJ determined that because these two conditions or impairments were resolved or healed in a period of less than 12 months, they did not qualify as severe impairments under 20 CFR 404.1509. [*Id.*]

Based on these findings, the ALJ determined at step three that Jimenez did not meet or medically equal any Social Security Listing. [A.R. 13-16.] As such, the ALJ determined Jimenez's residual functional capacity ("RFC"). In doing so, the ALJ found Jimenez to have an RFC:

> to perform sedentary work as defined in 20 CFR 404.1567(a) except: she could occasionally climb ramps and stairs, but should never climb ladders, ropes or scaffolds; she could occasionally balance, stoop, kneel, crouch, and crawl; she could frequently reach in all directions including overhead with her right upper extremity; she could frequently handle and finger with her right hand; she could perform simple, routine tasks, but not always at a production-rate pace, but would have met end of day work goals; and she could have occasional contact with the general public.

[A.R. 16.] In reaching this RFC determination, the ALJ reviewed both objective and opinion evidence submitted in support of the application. This included references and the weighing of opinions from State agency medical and psychological consultants (given some but not great, evidentiary weight); Dr. Sasikala Vemulapalli, M.D., the State agency consultative medical examine (given some but not great, evidentiary weight); Sandra Ringer, LCSW and Dr. John L. Yarling, M.D., two of Jimenez's treating

mental health providers (given little weight); Robin E. Young, Psy.D, and James Noll Ph.D (given little weight); and Cindy Sells, Jimenez's case manager (given little weight). [A.R. 18-19.] Strikingly, the ALJ's written decision does not discuss by name or substance opinions or findings from Dr. Albert Lee, Jimenez's treating neurologist, or Gary Allan, a psychiatric mental health nurse practitioner.

At step four, the ALJ determined that Jimenez could not perform any of her past relevant work. At step five, the ALJ considered the RFC and determined whether Jimenez could perform other substantial gainful work in the national economy, given her age, education, work experience and RFC. Here, the ALJ relied upon testimony from a Vocational Expert to find that Jimenez could perform multiple office jobs, inspector jobs, and word processing jobs, including document preparer, table operator and addressing clerk. [A.R. 20.] As such, Jimenez was found to be not disabled and her application was denied.

## Discussion

My review of the ALJ's decision, including their factual findings, is generally deferential and the decision will be upheld unless it is not supported by substantial evidence. 42 U.S.C. § 405(g); *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart,* 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart,* 345 F.3d 467, 470 (7th Cir. 2003)). My review is guided by the fact that while "[t]he ALJ is not required to address every piece of evidence or testimony presented, but must provide a 'logical bridge' between the evidence and the conclusions

so that we can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review. *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). In sum, a district court judge's review in a Social Security disability case is deferential but not cursory or unmeaningful; I do not have to agree with all of the ALJ's findings to be compelled to uphold their decision, but I must be satisfied that they conducted a complete review of the file and rendered a well-reasoned decision.

Jimenez's most persuasive argument, and the one on which I will focus, concerns the ALJ's rejection of certain medical opinion testimony she offered in support of her application. Specifically, Jimenez argues that the ALJ did not adequately consider (and thus rejected without stating adequate reasons) the medical opinion evidence of two witnesses: Dr. Albert Lee, Jimenez's treating neurologist, and Gary Allan, a psychiatric mental health nurse practitioner.

In response, the Commissioner says that the ALJ's failure to discuss the diagnosis and opinion of Dr. Lee is a non-issue because it "in no way undermines the ALJ's findings that any limitations from [Jimenez's] stroke did not meet the 12-month durational requirement." [DE 21 at 7.] The Commissioner further tells me that the ALJ's failure to consider Dr. Lee's report is obviated by the fact that the ALJ cited one record from the underlying medical records from Dr. Lee. [*Id.*] Concerning nurse practitioner Allen, the Commissioner all but concedes that the ALJ did not consider Allen's October 16, 2014 report but argues that the ALJ otherwise considered Jimenez's mental impairments and that the report contains a mix of bad and good information. [*Id.* at 6-7.] As elaborated upon below, neither of these justifications is enough to uphold the

ALJ's decision and requires a remand of Jimenez's application.

The ALJ did not merely measure conflicting objective evidence and arrive at a reasoned judgment concerning what weight to give a piece of evidence. Instead, by ignoring Dr. Lee (and indeed failing to discuss his opinions beyond a single citation to an underlying record), the ALJ rejected the opinion of a treating physician. This opinion matters and is not evidence that an ALJ can gloss over. A treating physician occupies a place of importance in a Social Security case and there is a near-presumption to give such opinions controlling weight. 20 C.F.R. § 404.1527(d)(2); *Hofslien v. Barnhart*, 439 F.3d 375, 376 (7th Cir. 2006) ("The rule directs the administrative law judge to give controlling weight to the medical opinion of a treating physician if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence.'").

But here, the ALJ seemed to make her own determination, usurping the role played by treating physicians like Dr. Lee. "ALJs must not succumb to the temptation to play doctor and make their own independent medical findings." *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996); *Israel v. Colvin*, 840 F.3d 432, 439 (7th Cir. 2016) ("[T]here is always a danger when lawyers and judges attempt to interpret medical reports[.]"); *Hofslien*, 439 F.3d at 376 (holding that if a treating physician's opinion "is well supported and there is no contradictory evidence, there is no basis on which the administrative law judge, who is not a physician, could refuse to accept it"). By simply ignoring or choosing not to accept, without explanation, Dr. Lee's opinion, the ALJ did not fulfill her obligations. *Kemp v. Colvin*, 2013 WL 5436792, at *5 (N.D. Ind. Sept. 27,

2013) ("The ALJ need not necessarily give controlling weight to Dr. [Lee's] opinion, but he was required to provide a sound explanation for his decision to reject it.") (citation and internal quotation marks omitted).

Furthermore, by selecting one piece of evidence from Dr. Lee's records to support a finding of no disability, the ALJ committed another cardinal sin: impermissible cherry picking of evidence. *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013) ("An ALJ cannot rely only on the evidence that supports her opinion."). In her brief, Jimenez catalogs several findings from Dr. Lee's reports which indicate Jimenez has diminished functional capacity—none of which were addressed by the ALJ. Such an outcome-determinative evaluation of a disability application is not permitted. An ALJ is supposed to evaluate a doctor's opinions, not step into the doctor's shoes and render her own medical opinion. That's usurpation, not evaluation.

Concerning the opinion testimony from nurse practitioner Allan, the Commissioner's attempt to gloss over the ALJ's failure to consider the opinion evidence is even more anemic. Jimenez did not have a fleeting relationship with NP Allan. Far from it. She saw him on 21 occasions between May 2012 and December 2014. Yet there is nary a mention of this treatment in the ALJ's opinion. And while the opinions of such other medical sources cannot "establish the existence of a medically determinable impairment" SSR 06-03P, they are evidence which must be considered "when evaluating 'key issues such as impairment severity and functional effects.'" *Phillips v. Astrue*, 413 F. App'x 878, 884 (7th Cir. 2010) (citation omitted). "In deciding how much weight to give to opinions from other medical sources, an ALJ should apply the same

criteria listed in § 404.1527(d)(2)" *i.e.*, the same framework used to evaluate acceptable medical source opinions on issues of disability and impairment. *Id.*

Any such evaluation was missing from the ALJ's written decision in this case. An ALJ commits reversible error when he or she rejects an "other medical source" opinion for being contradicted by the objective medical record but fails to identify what specific evidence contradicts the opinion. *Phillips*, 413 F. App'x at 884 (the other medical source's "findings, said the ALJ, are inconsistent with the rest of the medical evidence and are unexplained and unsupported by documentation or treatment notes. But the ALJ never identified what evidence contradicts Elsamahi's findings[.]"). This is specifically true as for nurse practitioners. "ALJs must consider . . . nurse practitioners' opinions on the severity of a patient's impairments." *Gerstner v. Berryhill*, 879 F.3d 257, 262 (7th Cir. 2018). This is another misstep by the ALJ which requires a reevaluation of Jimenez's application.

Finally, in response to both the absence of a discussion of either Dr. Lee or nurse practitioner Allen, the Commissioner argues that, in any event, the ALJ's omissions were harmless error. That may be so, but I can't simply take the Commissioner's word for it. Based upon the ALJ's perfunctory consideration of Dr. Lee and nurse practitioner Allen I cannot "conduct[] a meaningful review of the decision." *Newton v. Colvin*, 2014 WL 772659, at *9 (N.D. Ind. Feb. 25, 2014); *see also Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) ("If the Commissioner's decision lacks adequate discussion of the issues, it will be remanded."). Omitting a doctor's opinion from the discussion prevents meaningful review, including any determination as to whether the error was harmless.

*Lambert v. Berryhill,* 896 F.3d 768, 776 (7th Cir. 2018) (holding that failure to include a doctor's opinion is not harmless error). As such, I cannot be "convinced" that the ALJ's decision will remain the same on remand. *Hill v. Colvin*, 807 F.3d 862, 869 (7th Cir. 2015) (holding that an error is harmless "only if court is 'convinced' that ALJ would reach same result on remand") (citation omitted). A remand is thus required.

## Conclusion

For the foregoing reasons, the final decision of the Commissioner of Social Security denying plaintiff Laura R. Jimenez's application for Social Security Disability Benefits is REVERSED and the matter is REMANDED for further consideration consistent with this opinion.

SO ORDERED on January 31, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT